IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VICTORIA JEDROWICZ          :
                            :
v.                          :  Civil Action WMN-98-3899
                            :
GIANT FOOD, INC.            :
                            :

### MEMORANDUM & ORDER

Before the Court is Defendant's Motion for Award of Attorney's Fees and Costs (Paper No. 21). Plaintiff has opposed and Defendant has replied. Upon consideration of the motion and applicable case law, the motion is hereby denied.

Defendant has moved pursuant to 42 U.S.C. §§ 2000e-5(k) and 1988, and Local Rule 109(2) for attorney's fees and costs incurred in defending the instant action. Plaintiff's Complaint was dismissed by a Memorandum and Order of this Court on August 3, 1999, as "essentially duplicative" of the claims in the action pending before this Court in WMN-96-3562. August 3, 1999, Memorandum at 1. The Court further reasoned that the claims alleged which were not duplicative did not raise an adverse employment action sufficient to invoke the protection of Title VII; e.g., Defendant failed to allow Plaintiff to wear Birkenstock sandals to work. Defendant maintains that it is entitled to its fees and costs because the instant action "was frivolous, unreasonable and groundless." Defendant's Motion at 1. See Christianburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978).

In the interest of sound and economical judicial

1

administration, claims arising out of the same transactions should not be permitted to go forward in separate actions. <u>Sheinbrot v. Pfeffer</u>, 954 F.Supp. 555, 561 (S.D. N.Y. 1997). Although the Court did not agree with Plaintiff's litigation tactics in filing this separate action, it is not clear to the Court that Plaintiff's allegations, when viewed as a whole, amounted to a frivolous, unreasonable, or groundless claim. Certainly, many of the new allegations were trivial and did not constitute adverse employment actions. Other allegations, however, such as Plaintiff's suspension in June 1998 are not necessarily trivial. Plaintiff has since sought to add these claims of later retaliation to her discovery responses in WMN-96-3562. See <u>Jeter v. Boswell</u>, 554 F.Supp. 946, 948-49 (N.D. W.Va. 1983) (a plaintiff may bring subsequent acts of alleged retaliation into a pending lawsuit).

The question of whether Plaintiff's claim in this action was frivolous, unreasonable, or groundless is close. The earlier case concerning the same underlying factual allegations, 96-3562, is replete with superfluous filings, dilatory practices, and burdens on the Court to referee such conduct. Although the additional allegations of retaliatory conduct would have more wisely been added to the earlier case, the filing of a separate claim, in this instance, does not merit an award of attorney's fees and costs against Plaintiff.

For the reasons set forth above, IT IS this 15th day of March, 2000, by the United States District Court for the District of

2

Maryland, hereby ORDERED:

1. That Defendant's Motion for Award of Attorney's Fees and Costs (Paper No. 21) is hereby DENIED; and

2. That the Clerk of the Court shall mail or transmit copies of this Order to all counsel of record.

                                           _/s/_____
                                           William M. Nickerson
                                           United States District Judge