```
                                              _____FILED   _____ENTERED
                                              _____LODGED  _____RECEIVED
      IN THE UNITED STATES DISTRICT COURT
        FOR THE DISTRICT OF MARYLAND             JUL 1 4 2000
```

VICTORIA JEDROWICZ           :                    AT BALTIMORE
                                              CLERK U.S. DISTRICT COURT
                             :                 DISTRICT OF MARYLAND
v.                           :   Civil Action WMN-98-3899   BY        DEPUTY
                             :
GIANT FOOD, INC.             :
                             :

### MEMORANDUM & ORDER

Before the Court is Plaintiff's Petition for Costs and Attorney Fees (Paper No. 42). Upon consideration of the motion and applicable case law, the motion will be denied.

Plaintiff's Complaint was dismissed by a Memorandum and Order of this Court on August 3, 1999, as "essentially duplicative" of the claims in an action already pending before this Court in WMN-96-3562. August 3, 1999, Memorandum at 1. The Court further reasoned that the claims alleged which were not duplicative did not raise an adverse employment action sufficient to invoke the protection of Title VII; e.g., Defendant failed to allow Plaintiff to wear Birkenstock sandals to work.

On May 31, 2000, the Fourth Circuit vacated this Court's written opinion in part and remanded the action for further proceedings. The appellate court reasoned that this Court erred in "dismissing as duplicitous part of Jedrowicz's 1998 action." <u>Jedrowicz v. Giant Foods, Inc.</u>, No. 99-2219 (4th Cir. May 31, 2000). The Fourth Circuit affirmed this Court's decision dismissing those allegations which failed to state a claim.[1]

---

[1] On July 13, 2000, the Court re-opened this action and issued a memorandum and order, allowing the parties to submit their earlier

1



Prior to the Fourth Circuit's decision, Defendant moved for attorney's fees and costs for having to defend this action. The Court, although acknowledging that the decision was close, denied Defendant's request. Plaintiff now asserts that she is entitled to attorney's fees and costs incurred in "having to appeal the dismissal of her claims." Plaintiff's Motion at 1. Plaintiff ignores the fact that Defendant's motion to dismiss on some of Plaintiff's claims was granted by this Court and this Court's decision on those claims was upheld by the Fourth Circuit. Plaintiff also chooses to remain unaware of the Court's earlier expression of its disagreement with her litigation strategies in filing this separate action; Defendant's motion to dismiss Plaintiff's claims as duplicative was in no way unreasonable. Plaintiff's request for relief will be denied.

For the reasons set forth above, IT IS this 14th day of July, 2000, by the United States District Court for the District of Maryland, hereby ORDERED:

1. That Plaintiff's Petition for Costs and Attorney Fees (Paper No. 42) is hereby DENIED; and

2. That the Clerk of the Court shall mail or transmit copies of this Order to all counsel of record.

*/s/ William M. Nickerson*
William M. Nickerson
United States District Judge

---

briefing on the issue of whether Plaintiff served Defendant in a timely manner pursuant to Fed. R. Civ. P. 4(m), an issue not previously addressed by this Court.