IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VICTORIA JEDROWICZ            :
                              :
v.                            :  Civil Action WMN-98-3899
                              :
GIANT FOOD, INC., et al.      :

## MEMORANDUM & ORDER

Before the Court is Plaintiff's Motion to Alter, Amend and Vacate Judgment and in the Alternative, for Reconsideration (Paper No. 49). The motion is fully briefed and is ripe for decision. Upon a review of the pleadings and the applicable law, the Court determines that no hearing is necessary (Local Rule 105.6) and that Plaintiff's Motion will be denied.

Plaintiff brought suit alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964. Defendants responded by filing a motion to dismiss, asserting that dismissal was proper under both Fed. R. Civ. P. 12(b)(5) (defective service) and 12(b)(6) (failure to state a claim). On August 3, 2000, the Court granted Defendants' motion, finding that (1) Plaintiff's allegations were duplicative of claims asserted in a prior action, and (2) any non-duplicative claims did not allege cognizable "adverse employment actions." The Court did not reach Defendants' Rule 12(b)(5) defective service argument. Plaintiff appealed.

On May 31, 2000, the Court's Order was affirmed in part, as to the non-duplicative claims, and vacated in part, as to the duplicative claims, by the Fourth Circuit. On remand, the Court re-opened the case and addressed Defendants' Rule 12(b)(5)

argument, finding that Plaintiff had neither effected service within the required 120 days nor shown "good cause" for her failure to do so. On that basis, Defendants' motion was granted. See August 16, 2000, Order.

In her current motion, Plaintiff seeks relief from the Court's August 16, 2000, Order on the ground that "[t]he Court's silence on the [sic] Giant's Rule 12(b)(5) issue was a waiver if not an adjudication in favor of Plaintiff."[1] Motion at 4. Plaintiff provides case law which she claims supports this proposition. The Court, however, finds that none of the cases cited address the narrow issue of a Court "waiving" its right to address an issue properly before it by either silence or inference and the Court is not aware of any such restriction on its authority.

Accordingly, IT IS this 19th day of December, 2000, by the United States District Court for the District of Maryland, ORDERED:

1. That Plaintiff's Motion to Alter, Amend and Vacate Judgment and in the Alternative, for Reconsideration (Paper No. 49) is hereby DENIED;

2. That the Clerk of the Court shall mail or transmit copies of this Order to all counsel of record.

---

[1] Plaintiff also raises issue of collateral estoppel and res judicata. As Plaintiff's motion will be denied on the basis of her "silence" theory, these issues need not be addressed.

_____
William M. Nickerson
United States District Judge